# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHRISTOPHER HUFFMAN | : | |
| c/o Walton + Brown LLP | : | |
| 395 East Broad Street, Suite 200 | : | |
| Columbus, Ohio 43215 | : | CIVIL ACTION NO. |
| | : | JUDGE |
| | : | |
| Plaintiff, | : | MAGISTRATE JUDGE |
| | : | |
| v. | : | |
| | : | |
| CITY OF COLUMBUS | : | |
| 77 N. Front Street | : | **JURY DEMAND ENDORSED** |
| Columbus, Ohio 43215 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Christopher Huffman, by and through undersigned counsel, files this Complaint against Defendant City of Columbus – Division of Police, and states as follows:

### I. INTRODUCTION

1. This is an action for damages and equitable relief to redress the violation of Plaintiff's rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and other applicable laws. This action is filed pursuant to a Right to Sue letter issued by the Equal Employment Opportunity Commission (EEOC), attached hereto as Exhibit 1.

2. Plaintiff, Christopher Huffman, alleges that Defendant engaged in unlawful employment practices by failing to provide reasonable accommodations, creating a hostile work environment, and constructively terminating Plaintiff based on his disability.

### II. JURISDICTION AND VENUE

1

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under federal law, specifically the ADA.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as Defendant resides in and conducts business in this district, and the events giving rise to this claim occurred in this district.

### III. PARTIES

5. Plaintiff Christopher Huffman is a resident of Franklin County, Ohio, and was employed as a probationary police officer with the City of Columbus – Division of Police from November 2023 until June 5, 2024.

6. Defendant City of Columbus – Division of Police is a municipal corporation and political subdivision of the State of Ohio, with its principal office in Columbus, Ohio. Defendant is an employer within the meaning of the ADA.

### IV. FACTUAL ALLEGATIONS

7. Plaintiff has been diagnosed with a medical condition that affects his ability to express thoughts in written form, which is a major life activity under the ADA.

8. Plaintiff was hired as a probationary police officer by Defendant in November 2023 and satisfactorily performed his duties during his employment.

9. In March 2024, Plaintiff's direct supervisor, Sergeant Autumn Hamrick (Caucasian female, no known disability), became aware of Plaintiff's medical condition after overhearing a conversation between Plaintiff and another officer.

10. Following this revelation, Sgt. Hamrick subjected Plaintiff to discriminatory treatment, making derogatory remarks about Plaintiff's written communication abilities, including mocking Plaintiff's writing skills in front of other officers.

11. On or about April 9, 2024, at Sgt. Hamrick's request, Plaintiff was placed in remedial report writing training sessions. The training officer observed that Plaintiff could complete reports with minor errors when provided appropriate resources and support.

12. Despite this, Defendant failed to provide Plaintiff with reasonable accommodations, including additional time for report writing and a permanent mentor or coach, as specifically requested by Plaintiff.

13. Plaintiff sustained a work injury in late April 2024 and was placed on medical leave with an anticipated return date of June 5, 2024.

14. While on medical leave, Plaintiff requested a transfer from Sgt. Hamrick due to her discriminatory behavior, but his request was denied.

15. On April 24, 2024, Plaintiff received communication from Defendant's Human Resources representative regarding a fit-for-duty evaluation and potential accommodations, but Plaintiff never had the opportunity to participate in such an evaluation or receive any accommodations.

16. Upon Plaintiff's return to work on June 5, 2024, Defendant informed Plaintiff that he was being recommended for termination based on his report writing abilities. Plaintiff was advised to resign or face termination.

17. Plaintiff, under duress, resigned from his position on June 5, 2024.

18. Plaintiff later attempted to rescind his resignation, but Defendant denied his request.

19. Defendant's actions, including the failure to provide accommodations, the creation of a hostile work environment by Sgt. Hamrick, and the forced resignation, were motivated by Plaintiff's disability and discriminatory stereotypes associated with it.

V.  **CLAIMS FOR RELIEF**

**Count I: Violation of the Americans with Disabilities Act (ADA) - Discrimination**

20. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

21. Plaintiff is a qualified individual with a disability under the ADA, as his medical condition substantially limits one or more major life activities, including the ability to express thoughts in written form.

22. Despite Plaintiff's disability, he was able to perform the essential functions of his job as a probationary police officer, with or without reasonable accommodations.

23. Defendant violated the ADA by failing to provide reasonable accommodations for Plaintiff's known disability and by subjecting him to discriminatory treatment based on his disability.

### Count II: Violation of the Americans with Disabilities Act (ADA) - Hostile Work Environment

24. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

25. Defendant created and maintained a hostile work environment based on Plaintiff's disability, as evidenced by the repeated derogatory remarks, teasing, and mocking by Sgt. Hamrick regarding Plaintiff's report writing abilities.

26. The hostile work environment caused Plaintiff significant emotional distress and impaired his ability to perform his job duties.

### Count III: Constructive Discharge

27. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

28. Defendant's refusal to provide accommodations, combined with the hostile work environment and threat of termination, left Plaintiff no choice but to resign from his position on June 5, 2024.

29. Plaintiff's resignation was the result of intolerable working conditions created by Defendant, amounting to a constructive discharge in violation of the ADA. Based on Defendant's statements, Plaintiff Huffman reasonably believed that termination was inevitable and had no real choice but to resign.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christopher Huffman requests that this Court enter judgment in his favor and grant the following relief:

a. Compensatory damages for lost wages, emotional distress, and other damages suffered by Plaintiff as a result of Defendant's unlawful conduct;

b. Punitive damages to punish Defendant for its discriminatory conduct and to deter future discrimination;

c. Reinstatement or, in the alternative, front pay in lieu of reinstatement;

d. Reasonable attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest; and

f. Any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**/s/ Chanda L. Brown**
Chanda L. Brown (0081076)
WALTON + BROWN, LLP
395 E. Broad Street, Suite 200
Columbus, Ohio 43215
T: (614) 636-3476
F: (614) 636-3453
cbrown@waltonbrownlaw.com

5